IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:       William S. Roberts                                              Cause No.: 03-06146-EE
             Sara A. Roberts
             **Debtor**                                                      Chapter 13

---

**James L. Henley, Jr.**
    *Trustee*                                                                **Plaintiff**

vs.                                                                          Adversary No.: 15-00051-EE

**Patrick C. Malouf, and**
**Porter & Malouf, P.A.**                                                    **Defendants**

### RESPONSE TO ORDER TO SHOW CAUSE

[Adv. Dkt. # 28]

Defendants Patrick C. Malouf and Porter & Malouf, P.A. (collectively, "***Porter &***

***Malouf***"), by and through their counsel, hereby submit this *Response to Order to Show Cause*

(the "***Response***"):

Like the Court, Porter & Malouf operates under the belief that Mr. William Roberts died

in 2011. Thus, we find ourselves at "the difficult intersection of death and bankruptcy law."[1] At

the outset, Porter & Malouf responds that they are without information sufficient to form any

belief or opinion as to whether the Debtor's conduct is "atypical" or "extraordinary"[2] vis-à-vis

the Court, but responds that the Debtor William Roberts' failure to notify Porter & Malouf of his

bankruptcy during the pendency of the Hinds County Action is certainly extraordinary and

atypical as to Porter & Malouf.

---

[1] *In re Waring*, No. 16-12624, 2016 WL 4440378, *10 (Bankr. D. Colo. Aug. 22, 2016).

[2] *In re Elliott*, 506 Fed. App'x 291, 293 (5th Cir. 2013); *In re Jacobsen*, 609 F.3d 647 (5th Cir. 2010).

That having been said, there are legal, as opposed to factual, issues with the proposed conversion that Porter & Malouf must raise for the Court's consideration. First, under § 1307(g), "a [Chapter 13] case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 1307(g).[3] Thus, Mr. Roberts must qualify as a debtor under Chapter 7 for conversion to be allowable. Only a "person" can be a Chapter 7 debtor. § 109(a). A deceased person's estate does not qualify as a "person," and thus it is not qualified to be a Chapter 7 debtor. Therefore, it appears that a Chapter 13 debtor, who has died, cannot have his case converted to a Chapter 7 because the estate cannot be a debtor under Chapter 7 and therefore cannot pass § 1307(g)'s muster. *In re Jarrett*, 19 B.R. 413, 414 (Bankr. M.D.N.C. 1982); *In re Spiser*, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999) (setting aside its own order converting case from Chapter 13 to Chapter 7 as void); *see also In re Quint*, No. 11-04296, 2012 WL 2370095, *2 (Bankr. D.S.C. June 22, 2012) (collecting cases that hold that conversion is impermissible).

Additionally, Bankruptcy Rule 1016 provides that after the death of the debtor, a Chapter 13 case may be dismissed, or "if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death … had not occurred." Fed. R. Bankr. P. 1016. Here, because the late William Roberts' Chapter 13 case cannot be converted to a Chapter 7 case under § 1307(g), "further administration" of Mr. Roberts' estate does not appear possible. *See In re Spiser*, 232 B.R. at 673 ("The term 'further administration' implies that the case would be carried to its normal

---

[3] Unless otherwise noted, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code.

2

conclusion with payments to the creditors as provided in the confirmed plan, rather than conversion of the case to Chapter 7.").[4]

Moreover, while Mr. and Mrs. Roberts filed a joint petition under § 302(a), their estates do not appear to have been consolidated, but rather have continued to proceed separately.[5] And Mr. Roberts' personal injury claim and his portion of the settlement proceeds are personal to him and do not constitute joint marital property. *See Tramel v. Tramel*, 740 So. 2d 286, 290 (Miss. 1999) (adopting "analytic approach" that deems compensation for pain and suffering personal to the claimant and not marital property). As such, conversion is not proper because "further administration" is not possible: Mr. Roberts is deceased, and Mrs. Roberts has no interest in the settlement proceeds from Mr. Roberts' personal injury claim. *See In re Alvarez Diaz*, No. 03-04398, 2006 WL 3898315, *2 (Bankr. D.P.R. July 5, 2006) (holding, after Chapter 13 debtor's death, that adversary proceeding claimant's preferential claim to funds, lack of future income, and availability of state law remedies outweighed debtor's bad faith in failing to disclose funds to court in favor of dismissal of the case).

Because of Mr. Roberts' death, and the fact that he received his portion of the settlement proceeds while he was alive (and may have even used those monies to fund plan payments), it is neither desirable nor possible to proceed with his bankruptcy case by converting it to a Chapter 7 liquidation (when there is nothing to liquidate), and the Court should dismiss under Rule 1016.

---

[4] Even if the Court does not convert the case to Chapter 7, it should still dismiss the portions of the bankruptcy and adversary proceeding that pertain to Mr. Roberts because he no longer qualifies as a Chapter 13 debtor. His death has precluded him from being an "individual with regular income." 11 U.S.C. § 109(e). *See In re Jarrett*, 19 B.R. at 414 ("In that the debtor is deceased, it is evident that he does not meet the necessary prerequisites to be a Chapter 13 debtor."). Indeed, in Chapter 13 cases where a debtor dies, "the likelihood is that the case will be dismissed." Fed. R. Bankr. P. 1016 Advisory Committee Note (1983).

[5] *In re Waring*, 2016 WL 4440378 (noting the "Joint Debtor Twist," and dismissing the deceased husband while allowing the surviving wife to proceed in her own separate bankruptcy); *In re Brown*, No. 10-10443-NPO, 2012 WL 3150320, at *3 n.9 (Bankr. N.D. Miss. July 6, 2012) ("Although the estates are jointly administered, they are treated separately unless the court determines otherwise.").

*See In re Hancock*, No. 08-11867, 2009 WL 2461167, *3 (Bankr. N.D. Okla. Aug. 10, 2009) (along with dismissing case, holding that after death of Chapter 13 debtor, conversion was improper where it was not established that conversion was in the best interest of parties and that case should not "proceed" by allowing conversion to Chapter 7).

Mrs. Sara Roberts may be subject to having her case converted to a Chapter 7, and if not found to have acted in an "atypical" and "extraordinary" manner, she would have the right to dismiss her case under § 1307(b). But because Mr. William Roberts' personal injury suit and the proceeds therefrom are personal to him and his bankruptcy estate, the joint conversion is not proper where one spouse (in a non-consolidated joint petition) is deceased. *In re Waring*, 2016 WL 4440378, *1 ("Because of the separate nature of their bankruptcy estates, the Court can dismiss [the late] Mr. Waring while allowing Mrs. Waring to remain in her own separate bankruptcy.").

Finally, Porter & Malouf respectfully submits that if the case is not converted, the Court should immediately dismiss with prejudice the Chapter 13 Trustee's claim in the adversary proceeding under § 542 given the Court's previous holding that a Chapter 13 Trustee has no right or authority to compel turnover of estate property.

Porter & Malouf respectfully reserves the opportunity to file the appropriate applications and/or motions for approval *nunc pro tunc* of its representation of Mr. Roberts, the settlements obtained in the Hinds County Action, and its attorney's fees and expenses, and notes that it plans to do so without delay.

Respectfully submitted, this the 8th day of September, 2016.

**Patrick C. Malouf and Porter & Malouf, P.A.**

*s/ John H. Dollarhide*

        John H. Dollarhide (MB #103655)
        J. Mitchell Carrington (MB #104228)
        Butler Snow LLP
        P.O. Box 6010
        Ridgeland, MS 39157
        601-948-5711
        john.dollarhide@butlersnow.com
        mitch.carrington@butlersnow.com
        *Attorneys for Defendants Patrick C. Malouf and Porter & Malouf, P.A.*

## CERTIFICATE OF SERVICE

I certify that the foregoing pleading was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically and was separately served by e-mail on the following persons:

Jeffery P. Reynolds
jeff@jprpa.com
Carson H. Thurman
carson@jprpa.com
Jeffery P. Reynolds, P.A.
P.O. Box 24596
Jackson, MS 39225

Jason Matthew Kirschberg
jasonkirschberg@gmail.com
P.O. Box 23662
Jackson, MS 39225
***Counsel for Plaintiff, James L. Henley, Jr., Standing Chapter 13 Trustee***

James Eldred Renfroe
Renfroe & Perilloux, PLLC
648 Lakeland East, Suite A
Flowood, MS 39232
jrenfroe@mslawfirm.biz
***Counsel for Sara A. Roberts***

SO CERTIFIED, this the 8th day of September, 2016.

        *s/ John H. Dollarhide*
        JOHN H. DOLLARHIDE

5