_____

**SO ORDERED,**

*Edward Ellington*

Judge Edward Ellington
United States Bankruptcy Judge
Date Signed: January 5, 2018

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: WILLIAM S. ROBERTS and SARA A. ROBERTS** | **CHAPTER 7** |
| **DEBTORS** | **CASE NO. 03-06146-EE** |

**AGREED ORDER RESOLVING PORTER & MALOUF, P.A.'S MOTION TO APPROVE SETTLEMENT *NUNC PRO TUNC* [DKT. #112] AND TRUSTEE'S OBJECTION [DKT. #116]**

This matter is before the Court on the *Motion to Approve Settlement Nunc Pro Tunc* (Dkt. #112, the "Motion") filed by Porter & Malouf, P.A. ("P&M") and the *Objection* thereto (Dkt. #116, the "Objection") filed by Eileen N. Shaffer, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of the above-mentioned Debtors (the "Bankruptcy Estate"). The Court, having considered the Motion and the Objection, having heard and considered positions of P&M and the Trustee (together, the "Parties") at a hearing held October 17, 2017, and a status conference held November 28, 2017, and being advised that the Parties have reached an agreement regarding the matters set forth hereinbelow, hereby finds and orders that the relief set forth herein shall be, and that it hereby is, granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that authorization and approval shall be, and it hereby is, granted by this Court for all purposes of the settlements subject to the Motion[1] *nunc pro tunc* to the dates of the settlements involving the claims of former Chapter 13 Debtor William S. Roberts in *Pate, et al. v. Minnesota Mining & Manufacturing Co., et al.*, Hinds County Circuit Court, First Judicial District, Civil Action No. 02-1140 (the "Hinds County Action"), which settlements were completed on behalf of the Debtor by retained and employed legal counsel P&M, wherethrough five (5) defendants between 2003 and 2007 paid an aggregate settlement amount of $17,199.48 (collectively, the "Settlements")[2] which was disbursed as follows: (i) $626.17 to reimburse P&M for costs and expenses incurred; (ii) $6,879.79 (forty-percent (40%) of the remaining settlement amount paid) for compensation for legal services rendered to or on behalf of the Debtor in the Hinds County Action and Settlements (of which (a) $1,911.94 was paid to referring attorney Jim Zadeh, and (b) $4,967.85 was retained by P&M); and (iii) $9,693.52 to the Debtor (herein, the "Debtor's Settlement Disbursement").

**IT IS, FURTHER, ORDERED AND ADJUDGED** that: (A) within thirty (30) days of entry of this Order and entry of an Order approving the *Application of Porter & Malouf, P.A. Disclosing Compensation Paid Under §329 and for Approval of Compensation*

---

[1] *See also Application of Porter & Malouf, P.A. Disclosing Compensation Paid Under §329 and for Approval of Compensation Nunc Pro Tunc Under §330*, Dkt. #113 (filed May 22, 2017) (the "Application") (filed on the same date as the Motion on behalf of P&M regarding the subject settlements).

[2] The Settlements resolved all claims of the Debtor and involved five (5) defendants: (1) Dresser Industries; (2) Metropolitan Life Insurance Company; (3) Quigley Company; (4) T.H. Agriculture & Nutrition, LLC; and (5) Union Carbide Corporation.

2

*Nunc Pro Tunc Under §330* (Dkt. #112, the "Application"), P&M will turnover or cause to be turned over to the Trustee the amount of the Debtor's Settlement Disbursement, which shall be deposited by the Trustee into an account established on behalf of the Bankruptcy Estate: and (B) within thirty (30) days of receipt by the Trustee of the Debtor's Settlement Disbursement, the Trustee shall file a notice, motion and/or take any other steps as may be necessary to secure dismissal with prejudice of the adversary proceeding styled *James L. Henley, Jr., Trustee v. Patrick C. Malouf, and Porter & Malouf, P.A.*, Adv. No. 1500051EE (the "Adversary"), and all claims and causes of action subject thereto.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that P&M (and its partners, members, employees, agents, representatives, attorneys, insurers, predecessors, successors, assignors, assignees, joint venturers, related entities, and the like, past, present, and future) and Patrick C. Malouf (and his agents, representatives, attorneys, insurers, joint venturers, partners, beneficiaries, administrators, executors, and the like, past, present, and future), and each of them, jointly and severally (collectively, the "Released Parties"), and all claims, causes of action, remedies, damages, liabilities, suits, demands, costs, expenses, fees, controversies, set-offs, third-party actions, or proceedings against them of whatever kind or nature, including but not limited to any arising from this bankruptcy proceeding, which the Debtors, the Trustee, or the Bankruptcy Estate (and any other persons or entities which may claim under or through them, or which may otherwise assert claims for or on behalf of them, including but not limited to each of their past, present, and future agents, representatives, attorneys,

3

insurers, subrogees, administrators, executors, next of kin, heirs, legatees, devisees, beneficiaries, predecessors, successors, assignors, assignees, assigns, and the like) may now have or have ever had against any or all of the Released Parties, arising out of, relating to, and/or resulting from the Released Parties' representation of the Debtor(s), the Hinds County Action and/or Settlements, the Debtors' Bankruptcy Case(s) (as same may have been or may be reopened from time to time, and/or re-filed at any point hereafter), the Adversary (and any claims or causes of action subject thereto or implicated thereby), and any and all acts or omissions of the Released Parties in connection with or with regard to any of same, are hereby fully and forever released, acquitted, and discharged for all purposes.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that: (A) the Motion and Objection are deemed to have been sufficient to afford reasonable notice of and opportunity to be heard on the relief sought therein and the relief granted by the terms of this Order; (B) the procedures described in paragraphs (1), (2), and (3) of Fed. R. Bankr. P. 4001(d) do not apply, and this Order shall immediately become final and effective for all purposes upon entry; (C) the fourteen (14) day stay of execution of Federal Rule of Bankruptcy Procedure 4001(a)(3), to the extent applicable, is hereby waived; (D) the terms set forth in this Order are approved in all respects including pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019; (E) the relief granted in this Order is for purposes of resolving the matters subject to the Motion and Objection and/or other disputes between the Parties as specifically delineated hereinabove, and shall not be used or considered precedent for any purposes outside of those specifically

4

contemplated herein in any other cases or proceedings of any kind, whether in this Court or otherwise, and whether involving the Parties (or any of them) or otherwise; (F) this Order shall constitute a final order and judgment for all purposes; and (G) the relief granted herein shall survive dismissal or conversion of this Bankruptcy Case to any other chapter under the Bankruptcy Code.

## *## END OF ORDER ##*

**SUBMITTED, AGREED TO AND APPROVED FOR ENTRY BY:**

 /s/ Sarah Beth Wilson
William H. Leech, MSB No. 1175
Sarah Beth Wilson, MSB No. 103650
Copeland, Cook, Taylor & Bush, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (Zip—39157)
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626
bleech@cctb.com
sbwilson@cctb.com
*Counsel for Porter & Malouf, P.A. & Patrick C. Malouf*

**AGREED TO AND APPROVED FOR ENTRY BY:**

 /s/ Eileen N. Shaffer
Eileen N. Shaffer, MSB No. 1687
Telephone: (601) 969-3006
eshaffer@eshaffer-law.com
*Chapter 7 Trustee*